| Not for Publication |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | | | |
|---|---|---|---|
| IN RE: | ) | CASE NO. | 02-33699 (LMW) |
| | ) | | |
| NEW ENGLAND NATIONAL, LLC, | ) | CHAPTER | 11 |
| | ) | | |
| DEBTOR. | ) | | |
| | | | |
| NEW ENGLAND NATIONAL, LLC, | ) | ADV. PRO. NO. | 10-3033 |
| | ) | | |
| PLAINTIFF | ) | ECF NOS. | 144, 153 |
| | ) | | |
| vs. | ) | | |
| | ) | | |
| TOWN OF EAST LYME, | ) | | |
| | ) | | |
| DEFENDANT. | ) | | |

## APPEARANCES

| | |
|---|---|
| Paul M. Geraghty, Esq.<br>Geraghty & Bonnano, LLC<br>21 Montauk Avenue, Suite 202<br>P.O. Box 231<br>New London, CT 06320 | Attorney for Movant/Plaintiff |
| William S. Gannon, Esq.<br>William S. Gannon, PLLC<br>889 Elm Street, 4th Floor<br>Manchester, NH 03101 | Attorney for Movant/Plaintiff |
| Mark E. Block, Esq.<br>Amanda L. Sisley, Esq.<br>Block, Janney & Pascal, LLC<br>138 Main Street<br>P.O. Box 310<br>Norwich, CT 06360 | Attorney for Defendant |

**BRIEF MEMORANDUM AND ORDER RE:**
**MOTION FOR RECONSIDERATION**

Lorraine Murphy Weil, Chief United States Bankruptcy Judge

**WHEREAS,** on December 4, 2008, the court issued that certain Order Approving Compromise and Settlement (Case ECF No. 478)[1] which approved a certain Compromise Agreement (the "Compromise Agreement") between (among others) the above-captioned plaintiff ("NEN") and the above-captioned defendant (the "Town");

**WHEREAS,** the Compromise Agreement provides in relevant part:

> East Lyme represents to the Debtor that: it has made a claim as stated above on the policy issued by . . . [AIG/National Union Insurance Company ("AIG")]. In the event that AIG should deny the claim, the Town will so notify the Debtor's counsel, and the parties shall work jointly in the prosecution of and against said insurer for the denied claim, each party paying its own attorneys fees. Debtor agrees that it shall not independently of the Town, and without the Town's consent contact AIG in regards to the Compromise of the claim.

(Compromise Agreement ¶ 11A, the "Joint Prosecution Provision");

**WHEREAS,** on May 13, 2010, NEN commenced the instant adversary proceeding against the Town seeking "compensatory, enhanced, punitive and multiple statutory damages against . . . [the Town] based on its deliberate, intentional, knowing, immoral, premeditated, unethical and unscrupulous breach of the Compromise Agreement," (ECF No. 1 at 1);

**WHEREAS,** on June 13, 2011, NEN filed a motion (ECF No. 120, the "Motion To Compel") which sought (among other things) (1) an order compelling the Town to produce documents and communications relating to the claims of and litigation by the Town against AIG and

---

[1] References herein to the docket of this chapter 7 case appear in the following form: "Case ECF No. __." References herein to the docket of this adversary proceeding appear in the following form: "ECF No. __."

- 2 -

(2) an order imposing sanctions on the Town for its "deliberate withholding" of the foregoing information in violation of (among other things) the Joint Prosecution Provision;

**WHEREAS,** on June 16, 2011, the Town filed an objection (ECF No. 124, the "Objection to Motion To Compel") to the Motion To Compel in which it objected to the relief sought by NEN and cross-moved for sanctions to be imposed against NEN due to the doctrine of unclean hands, blatant misrepresentations made to the court and failure to comply with the Federal Rules of Civil Procedure and Federal Rules of Bankruptcy Procedure;

**WHEREAS,** oral argument (the "First Hearing") on the Motion To Compel and the Objection to Motion To Compel was held on July 7, 2011;[2]

**WHEREAS,** at the First Hearing, the court noted that two separate privileges were at issue: (1) the attorney-client privilege; and (2) the mediation privilege;

**WHEREAS,** with respect to the mediation privilege, the court reserved decision on that issue, directed the parties to submit briefs and took that issue under advisement;[3]

**WHEREAS,** with respect to the attorney-client privilege, the court (1) determined that it was persuaded that pursuant to the Joint Prosecution Provision, the Town had waived the attorney-client privilege with respect to the AIG litigation and (2) ordered the Town to produce the limited number of documents sought by NEN for *in camera* review on or before July 13, 2011. (*See* ECF No. 143 at 45-47; ECF No. 136, the "Order Re Motion To Compel");[4]

---

[2] A transcript of the First Hearing appears in the record of this adversary proceeding as ECF No. 143.

[3] The parties have filed the requested briefs. (*See* ECF No. 150 (Town), 151 (Debtor).)

[4] The Town has produced those documents and the court will retain those documents under seal subject to further order of the court.

**WHEREAS,** on July 15, 2011, the Town filed that certain Motion for Reconsideration (ECF No. 144, with the annexed supporting brief, the "Motion for Reconsideration") seeking that the court reconsider the Order Re Motion To Compel on the grounds that the attorney-client privilege issue was not adequately briefed and, consequently, the court overlooked applicable case law which supported the Town's position that it did not waive the attorney-client privilege when it entered into the Compromise Agreement;

**WHEREAS,** on July 22, 2011, NEN filed an objection (ECF No. 153, the "Objection to Motion for Reconsideration");

**WHEREAS,** oral argument (the "Second Hearing") on the Motion for Reconsideration and Objection to Motion for Reconsideration was held on July 25, 2011;[5]

**WHEREAS,**

[i]n general, three grounds justify granting a motion for reconsideration: (1) an intervening change in controlling law; (2) the availability of newly discovered evidence; and (3) the need to correct clear error or prevent manifest injustice. *Virgin Atlantic Airways, Ltd. v. National Mediation Board,* 956 F.2d 1245, 1255 (2d Cir.), *cert. denied,* 506 U.S. 820, 113 S.Ct. 67, 121 L.Ed.2d 34 (1992). The standard for granting a motion for reconsideration is strict in order to dissuade repetitive arguments on issues that have already been considered fully by the Court. *Shrader v. CSX Transportation, Inc.,* 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration should not serve as a vehicle for relitigating issues already decided. *Shrader,* 70 F.3d at 257; *Dodge v. Susquehanna Univ.,* 796 F.Supp. 829, 830 (M.D. Pa. 1992).

*Metropolitan Entm't Co., Inc. v. Koplik,* 25 F.Supp. 2d 367, 368 (D. Conn. 1998);

---

[5] The Second Hearing was expedited upon the request of the Town. (*See* ECF Nos. 145, 147.) References herein to the oral record of that hearing appear in the following form: "Oral Record of Second Hearing at __:__:__."

**WHEREAS,** at the Second Hearing, NEN argued that the Town failed to satisfy the standard for granting a motion for reconsideration pursuant to D. Conn. L. Civ. R. 7(c).[6] However, NEN conceded that if the court were convinced that it had made a "huge error," the court had the discretion to correct its own error. (*See* Oral Record of Second Hearing at 10:21:24 *et seq.*). For the reasons that follow, the court determines that such an error was made here and, consequently, the court will reconsider its prior ruling;

**WHEREAS,** the applicability of the attorney-client privilege here is a question of Connecticut law. *Cf. Orbit One Commc'ns, Inc. v. Numerex Corp.,* 255 F.R.D. 98, 103 (S.D.N.Y. 2008). In any event, the parties do not contest that Connecticut law governs the underlying issue here. The party asserting the privilege bears the burden of establishing each element of the privilege. *See Loftis v. Amica Mut. Ins. Co.*, 175 F.R.D. 5, 8 (D. Conn. 1997); *Doctor's Assocs., Inc. v. QIP Holder LLC*, No. 3:06CV01710 (VLB), 2009 WL 1683628, at *3 (D. Conn. Feb. 26, 2009);

**WHEREAS,** the purpose of the attorney-client privilege is "to encourage full and frank communication between attorneys and their clients and . . . [t]he privilege recognizes that sound legal advice or advocacy serves public ends and that such advice or advocacy depends upon the lawyer's being fully informed by the client." *Upjohn Co. v. U.S.*, 449 U.S. 383, 389 (1981). A court should find exceptions to the attorney-client privilege only "when the reason for disclosure

---

[6] That rule provides in relevant part:

> Motions for reconsideration shall be filed and served within fourteen (14) days of the filing of the decision or order from which such relief is sought, and shall be accompanied by a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court overlooked in the initial decision or order.

(*Id.*)

outweighs the potential chilling of essential communications." *Metropolitan Life Ins. Co. v. Aetna Cas. and Sur. Co.,* 249 Conn. 36, 52 (1999);

**WHEREAS,** NEN argues that the Joint Prosecution Provision of the Compromise Agreement constituted a waiver of the attorney-client privilege with respect to matters surrounding the AIG litigation. However, "[w]aiver is the intentional relinquishment of a known right . . . . A waiver occurs, therefore, only if there is both knowledge of the existence of the right and intent to relinquish it . . . . [Waiver] involves the idea of assent, and assent is an act of understanding . . . ." *Schreck v. City of Stamford*, 72 Conn. App. 497, 500 (2002) (citations and internal quotation marks omitted; alteration in original);

**WHEREAS,** the court determines that, as a matter of law, the Joint Prosecution Provision did not constitute an "intentional relinquishment" of the attorney-client privilege by the Town and, consequently, does not justify disclosure of the information sought. There is no express waiver in the Joint Prosecution Provision or elsewhere in the Compromise Agreement. If a waiver were intended here, the parties should have clearly stated it. *Cf. Fugro-McClelland Marine Geosciences, Inc. v. Steadfast Ins. Co.*, No. H-07-1731, 2008 WL 5273304, at *4 (S.D. Tex. Dec. 19, 2008) ("If the parties had intended the cooperation clause of the insurance policy to constitute a waiver of privileges in any third-party lawsuit, they could have and should have said so in the policy.");[7]

**WHEREAS,** NEN argues that pursuant to the Joint Prosecution Provision, the Town "was acting for [the] mutual benefit of both itself, in order to avoid paying a claim itself, and for NEN in

---

[7] That court further rejected the insurance company's argument that "a cooperation clause in an insurance contract operates as a contractual waiver of an insured attorney-client and work product privileges absent evidence of the parties' intention to do so." *Id. But see Waste Mgmt, Inc. v. Int'l Surplus Lines Ins., Co.*, 144 Ill. 2d 178 (1991) (interpreting insurance cooperation clause broadly enough to constitute a waiver of the attorney-client privilege).

obtaining a financial benefit for NEN" in respect to the AIG litigation and, consequently, the parties shared a "common interest" to which the attorney-client privilege would not apply (ECF No. 153 at 6);

**WHEREAS**, the "common interest" rule is an *extension* of the attorney-client privilege, not an *exception* to the privilege:

> "[t]he joint defense privilege, more properly identified as the 'common interest rule,' ... has been described as 'an extension of the attorney client privilege'" "which serves to protect the confidentiality of communications passing from one party to the attorney for another party where a joint defense effort or strategy has been decided upon and undertaken by the parties and their respective counsel." *In re Wagar*, Civ. No. 1:06-MC-127 (LEK/RFT), 2006 WL 3699544, at *11 (N.D.N.Y. Dec. 13, 2006) (citation omitted). *See also U.S. v. Schwimmer*, 892 F.2d 237, 243 (2d Cir.1989); *TIFD III-E, Inc. v. U.S.*, 223 F.R.D. 47, 49 (D.Conn. 2004) ("The common interest rule extends the attorney client privilege to privileged communications revealed to a third party who shares a common legal goal with the party in possession of the original privilege.... The parties need not be actively involved in litigation; they must, however, demonstrate cooperation in formulating a common legal strategy."). "Paramount to the common interest doctrine, there must be a commonality of interest amongst the members to the agreement and each party must reasonably understand that the communications are provided in confidence." *In re Wagar*, 2006 WL 3699544, at *11. "The Second Circuit adheres to a strict interpretation of the common-interest rule such that '[o]nly those communications made in the course of an ongoing common enterprise and intended to further the enterprise are protected.'" *U.S. v. Salvagno*, 306 F.Supp.2d 258, 271 (N.D.N.Y.2004) (citation omitted). Moreover, "'sharing a desire to succeed in an action does not create a common interest.' " *Campinas Foundation v. Simoni*, No. 02 Civ. 3965 BSJKNF, 2004 WL 2709850, at *2 (S.D.N.Y. Nov. 23, 2004).

*Cendant Corp. v. Shelton*, No. 3:06CV00854(AWT), 2007 WL 2460701, at * 2 (D. Conn. Aug. 24, 2007) (alteration in original). NEN cannot turn the shield of the "common interest" rule into a weapon to obtain otherwise privileged materials;

**WHEREAS,** the court has considered the remaining arguments raised by NEN and deems them to be irrelevant or otherwise unpersuasive;[8]

**NOW, THEREFORE,** for the reasons set forth above, it hereby is **ORDERED** that (a) the Motion for Reconsideration is granted, (b) the Objection to Motion for Reconsideration is overruled and (c) the Order re Motion To Compel (with respect to the attorney-client privilege issue) is vacated; and it is further

**ORDERED** that, having reviewed the Town's *in camera* submission, the court hereby determines that an *in camera* hearing is necessary to ascertain whether documents contained in such submission are privileged in the first instance. That hearing will be held at the court's earliest availability.

It is **SO ORDERED**.

Dated: September 26, 2011                                          BY THE COURT

*[Signature]*
Lorraine Murphy Weil
Chief United States Bankruptcy Judge

---

[8] While it is difficult to overcome the attorney-client privilege, the court notes that Connecticut recognizes the "at issue" exception to the privilege. However, "[b]ecause of the important public policy considerations that necessitated the creation of the attorney-client privilege, the 'at issue,' or implied waiver, exception is invoked only when the contents of the legal advice is integral to the outcome of the legal claims of the action." *Metropolitan Life Ins. Co.*, 249 Conn. at 52-53. Because the "at issue" exception was not raised here, the court does not need to address that issue.