Not for Publication

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
IN RE:                                  )    CASE NO.        02-33699 (LMW)
                                        )
   NEW ENGLAND NATIONAL, LLC,           )    CHAPTER         11
                                        )
                       DEBTOR.          )
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
   NEW ENGLAND NATIONAL, LLC,           )    ADV. PRO. NO.   10-3033
                                        )
                       PLAINTIFF        )    ECF NOS.        120, 124
                                        )
         vs.                            )
                                        )
   TOWN OF EAST LYME,                   )
                                        )
                       DEFENDANT.       )
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**APPEARANCES**

| | |
|---|---|
| Paul M. Geraghty, Esq.<br>Geraghty & Bonnano, LLC<br>21 Montauk Avenue, Suite 202<br>P.O. Box 231<br>New London, CT 06320 | Attorney for Movant/Plaintiff |
| William S. Gannon, Esq.<br>William S. Gannon, PLLC<br>889 Elm Street, 4th Floor<br>Manchester, NH 03101 | Attorney for Movant/Plaintiff |
| Mark E. Block, Esq.<br>Amanda L. Sisley, Esq.<br>Block, Janney & Pascal, LLC<br>138 Main Street<br>P.O. Box 310<br>Norwich, CT 06360 | Attorney for Defendant |

# BRIEF MEMORANDUM AND ORDER RE:
# MOTION TO COMPEL AND OBJECTION

Lorraine Murphy Weil, Chief United States Bankruptcy Judge

## BACKGROUND

**WHEREAS,** on December 4, 2008, the court issued that certain Order Approving Compromise and Settlement (Case ECF No. 478)[1] which approved a certain Compromise Agreement (the "Compromise Agreement") between (among others) the above-captioned plaintiff ("NEN") and the above-captioned defendant (the "Town");

**WHEREAS,** on May 13, 2010, NEN commenced the instant adversary proceeding against the Town by the filing of a complaint (ECF No. 1, as amended by ECF No. 24, the "Complaint"). The Complaint is stated in four counts:

> Count One: claim for breach of contract for alleged breach of the Compromise Agreement
>
> Count Two: claim for breach of duty of good faith and fair dealing for alleged breach of the Compromise Agreement
>
> Count Three: claim for violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a *et seq.* ("CUTPA"), for allegedly engaging in prohibited conduct with respect to the Compromise Agreement
>
> Count Four: claim for civil contempt for alleged failure to comply with the Compromise Agreement which purportedly became an order of the court (Complaint ¶ 28);

---

[1] References herein to the docket of this chapter 7 case appear in the following form: "Case ECF No. __." References herein to the docket of this adversary proceeding appear in the following form: "ECF No. __."

**WHEREAS,** on June 13, 2011, NEN filed that certain Motions for Order Compelling the Town of East Lyme, Connecticut To Produce and for Order Imposing Sanctions on East Lyme, Connecticut Pursuant to FRBP 9014 and 7037 (ECF No. 120, the "Motion To Compel") which sought (among other things) (1) an order compelling the Town to produce (among other things) an *ex parte* position statement (the "Mediation Statement")[2] related to a mediation held before the Honorable Thomas P. Smith in respect of pending litigation (the "AIG Litigation") by the Town against AIG/National Union Insurance Company ("AIG") in the United States District Court for this district (*see* ECF No. 143 at 4, 12-13)[3] and (2) an order imposing sanctions on the Town for its "deliberate withholding" of the foregoing information in violation of (among other things) the Compromise Agreement;

**WHEREAS,** on June 16, 2011, the Town filed an objection (ECF No. 124, the "Objection to Motion To Compel") to the Motion To Compel in which it objected to the relief sought by NEN in the Motion To Compel and cross-moved for sanctions to be imposed against NEN based on the doctrine of unclean hands, blatant misrepresentations made to the court and failure to comply with Federal Rules of Civil Procedure and Federal Rules of Bankruptcy Procedure;

---

[2] The Town has submitted the Mediation Statement to the court for its *in camera* review. In note 1 of its brief (*see* ECF No. 150), the Town stated that while NEN here seeks only the Mediation Statement, the Town anticipates that NEN will "seek to inquire as to discussions that occurred during the settlement conferences during upcoming depositions and seeks to address this to avoid further motion practice on this issue." (ECF No. 150 at 1 n.1.) Because the Motion To Compel here only seeks disclosure of the Mediation Statement, the court will address only that issue.

[3] The court notes that the Town has provided NEN with the final settlement agreement from that mediation. (*See* ECF No. 150 at 8-9.)

**WHEREAS,** oral argument (the "Hearing") on the Motion To Compel and the Objection to Motion To Compel was held on July 7, 2011;[4]

**WHEREAS,** at the Hearing, the court noted that two separate privileges were at issue: (1) the attorney/client privilege;[5] and (2) the mediation privilege (if any);

**WHEREAS,** with respect to the mediation privilege, the court reserved decision on that issue, directed the parties to submit briefs and took that issue under advisement;

**WHEREAS,** the requisite briefs have been filed (*see* ECF Nos. 150, 151) and the matter now is ripe for disposition;

**WHEREAS,** the parties do not dispute that a mediation occurred before Magistrate Judge Smith;

**WHEREAS,** in 1998, Congress passed the Alternative Dispute Resolution Act of 1998 (the "Act") which provided (among other things) that "each district court shall by local rule adopted under [28 U.S.C.] section 2071(a) require that litigants in all civil cases consider the use of an alternative dispute resolution ["ADR"] process at an appropriate stage in the litigation . . . including, but not limited to, mediation . . . ." 28 U.S.C. § 652(a) (West 2011). With respect to confidentiality, the Act provides in pertinent part:

> (d) [E]ach district court shall, by local rule adopted under section 2071(a), provide for the confidentiality of the alternative dispute resolution processes and to prohibit disclosure of confidential dispute resolution communications.

28 U.S.C. § 652(d) (2011);

---

[4] A transcript of those proceedings appears in the record of this case as ECF No. 143.

[5] On September 26, 2011, the court issued a brief memorandum and order in respect of the attorney/client privilege issue (*see* ECF No. 201).

**WHEREAS,** pursuant to the Act, the District Court for the District of Connecticut has provided that "a case may be referred for voluntary ADR" in its Local Rules. *See* D. Conn. L. Civ. R. 16(h)(1). With respect to confidentiality, the Local Rules provides in pertinent part:

> All ADR sessions shall be deemed confidential and protected by provisions of Fed. R. Evid. 408 and Fed. R. Civ. P. 68. No statement made or document produced as part of an ADR proceeding, not otherwise discoverable or obtainable, shall be admissible as evidence or subject to discovery.

D. Conn. L. Civ. R. 16(h)(5);

**WHEREAS,** the Connecticut General Statutes provide in relevant part as follows:

> (b) Except as provided in this section, by agreement of the parties or in furtherance of settlement discussions, a person not affiliated with either party to a lawsuit, an attorney for one of the parties or any other participant in a mediation shall not voluntarily disclose or, through discovery or compulsory process, be required to disclose any oral or written communication received or obtained during the course of a mediation, unless (1) each of the parties agrees in writing to such disclosure, (2) the disclosure is necessary to enforce a written agreement that came out the mediation, (3) the disclosure is required by statute or regulation, or by any court, after notice to all parties to the mediation, or (4) the disclosure is required as a result of circumstances in which a court finds that the interest of justice outweighs the need for confidentiality, consistent with the principles of law.
>
> (c) Any disclosure made in violation of any provision of this section shall not be admissible in any proceeding.
>
> (d) Nothing in this section shall prevent (1) the discovery or admissibility of any evidence that is otherwise discoverable merely because such evidence was presented during the course of the mediation, or (2) the disclosure of information for research or educational purposes done in cooperation with dispute resolution programs provided the parties and specific issues in controversy are not identifiable.

Conn. Gen. Stat. Ann. § 52-235d (West 2011);

**WHEREAS,** Rule 501 of the Federal Rules of Evidence provides in relevant part as follows:

> [I]n civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision, the privilege of a witness, person, government, State, or political subdivision thereof shall be determined in accordance with State law.

Fed. R. Evid. 501;

### **CHOICE OF LAW**[6]

**WHEREAS,** for the reasons that follow, the court concludes that the Complaint asserts a claim that sounds entirely in state law. The first three counts of the Complaint assert state law claims: breach of contract; breach of duty of good faith and fair dealing; and violation of CUTPA. Count Four alleges civil contempt as a result of the Town's alleged failure to comply with the Compromise Agreement. On December 4, 2008, the court issued that certain Order Approving Compromise and Settlement (Case ECF No. 478, the "Order"). In the Complaint, NEN alleges that the "Compromise Agreement became an order of this Court when approved by the Compromise Order entered by this Court on December 4, 2008." (Complaint ¶ 38.) It is true that a "court has the inherent power to hold a party in civil contempt in order to enforce compliance with an order of the court . . . ." *Powell v. Ward*, 643 F.2d 924, 931 (2d Cir.), *cert. denied*, 454 U.S. 832 (1981). However, the Order made reference to and approved the Compromise Agreement but did not incorporate the Compromise Agreement into the Order. The Order, therefore, cannot be given the force and effect of a court order. *See Stewart v. O'Neill*, 225 F. Supp. 2d 6, 10-11 (D. DC. 2002). Consequently, the Order "may not independently serve as the basis for civil contempt against the . . . [Town]." *Id*. at 11. *Cf. Padilla v. GMAC Mortg. Corp. (In re Padilla)*, 389 B.R. 409, 421 (Bankr. E.D. Pa. 2008) ("A subsequent breach of the terms of a settlement agreement that has been approved by a court to resolve outstanding litigation does not generally give rise to contempt

---

[6] Based upon its brief, NEN appears to proceed on the assumption that the existence *vel non* and applicability of any mediation privilege is governed in this case by federal law. (*Cf.* ECF No. 151 (arguing lack of settlement privilege).) For the reasons that follow, the court disagrees.

remedies."). *Cf. also Joy Mfg. Co. v. National Mine Serv. Co., Inc.*, 810 F.2d 1127, 1128 n.3 (Fed. Cir. 1987) ("There is, of course, no contempt jurisdiction for the violation of an agreement which is not part of the judgment."). Therefore, Count Four of the Complaint alleges only state law claims (if any). Accordingly, the court is required to determine if a state law mediation privilege exists under Connecticut law;

**WHEREAS,** Section 52-235d sets forth a mediation privilege (albeit a limited one). That is because Section 52-235d not only provides for exclusion of evidence, *see* Conn. Gen. Stat. Ann. § 52-235d(c), but also protects against disclosure (voluntary or involuntary) of mediation communications, *see* Conn. Gen. Stat. Ann. § 52-235d(b). Accordingly, issues in respect of mediation privilege are determined in accordance with Section 52-235d;

**APPLICATION OF LAW TO FACT**

**WHEREAS,** "one category of information that is generally exempt or protected from the liberal rules of discovery is information regarding mediation." *Bradley v. Fontaine Trailer Co., Inc.*, No. 3:06CV62 (WWE), 2007 WL 2028115, at *4 (D. Conn. July 10, 2007) (construing Section 52-235d). That is because the "parties must trust that their disclosures, both oral and written, during mediation will remain confidential and that their candor will be protected." *Id.*, at *5;

**WHEREAS,** under Section 52-235d (subject to certain statutory exceptions not relevant here), in order for a party to obtain communications from a mediation, that party must show "that it has a substantial need for the materials, *i.e.*, that the materials are essential to its claims or defenses, that it would suffer undue hardship if the materials were not disclosed, and that these two considerations outweigh the interests of preserving the confidentiality of the communications."

*Bradley*, *supra*, at *5 (construing Section 52-235d(b)(4); citation and internal quotation marks omitted);

**WHEREAS,** NEN has not argued "substantial need" under Section 52-235d(b)(4) (or any other grounds to overcome the mediation privilege under Section 52-235d(b));

**WHEREAS,** the court has conducted an *in camera* review of the Mediation Statement and finds and/or concludes that NEN has failed to demonstrate "substantial need" as required by Section 52-235d(b)(4);

**WHEREAS,** NEN also argues that because the AIG Litigation has settled, the need for confidentiality has expired. (*See* ECF No. 151 at 2.)[7] However, "the need for confidentiality does not terminate automatically when the litigation has concluded. The codified mediation rules . . . implicitly recognize this because they do not provide for the termination of confidentiality when the case is over." *Savage & Assocs., PC v. Mandl (n re Teligent, Inc.)*, 417 B.R. 197, 209 (Bankr. S.D.N.Y. 2009), *aff'd*, 2010 WL 2034509 (S.D.N.Y. May 13, 2010), *aff'd*, 640 F.3d 53 (2d Cir. 2011). Section 52-235d similarly lacks such a termination provision;

**WHEREAS,** the court deems it inappropriate to impose sanctions on either party under these circumstances. Moreover, the court has considered the remaining arguments raised by NEN and deems them to be inapposite or otherwise unpersuasive. Further, all arguments that were not briefed are deemed waived;

---

[7]    The court notes that a Stipulation for Dismissal with Prejudice between AIG and the Town has been filed in the AIG Litigation. (*See* Stipulation of Dismissal with Prejudice, *Town of East Lyme v. National Union Fire Ins. Co. of Pittsburgh, PA*., No. 3:09cv1909 (CFD) (D. Conn. October 5, 2011.))

**CONCLUSION**

**NOW, THEREFORE,** for the reasons set forth above, it hereby is **ORDERED** that the Mediation Statement shall not be disclosed, sanctions will not be imposed on either party, and the Motion To Compel is denied to that extent and the Objection to Motion To Compel is sustained to that extent.[8]

Dated: October 24, 2011                                            BY THE COURT

*Lorraine Murphy Weil*
Lorraine Murphy Weil
Chief United States Bankruptcy Judge

---

[8] The Mediation Statement will be retained by the Clerk's Office under seal (subject to further order of this court).