Not for Publication

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF CONNECTICUT

| | | | |
|---|---|---|---|
| IN RE: | ) | CASE NO. | 02-33699 (LMW) |
| | ) | | |
| NEW ENGLAND NATIONAL, LLC, | ) | CHAPTER | 11 |
| | ) | | |
| DEBTOR. | ) | | |
| | | | |
| NEW ENGLAND NATIONAL, LLC, | ) | ADV. PRO. NO. | 10-3033 |
| | ) | | |
| PLAINTIFF | ) | ECF NOS. | 120, 124, 215 |
| | ) | | |
| vs. | ) | | |
| | ) | | |
| TOWN OF EAST LYME, | ) | | |
| | ) | | |
| DEFENDANT. | ) | | |

**APPEARANCES**

| | |
|---|---|
| Paul M. Geraghty, Esq.<br>Geraghty & Bonnano, LLC<br>21 Montauk Avenue, Suite 202<br>P.O. Box 231<br>New London, CT 06320 | Attorney for Movant/Plaintiff |
| | |
| William S. Gannon, Esq.<br>William S. Gannon, PLLC<br>889 Elm Street, 4th Floor<br>Manchester, NH 03101 | Attorney for Movant/Plaintiff |
| | |
| Mark E. Block, Esq.<br>Amanda L. Sisley, Esq.<br>Block, Janney & Pascal, LLC<br>138 Main Street<br>P.O. Box 310<br>Norwich, CT 06360 | Attorney for Defendant |

**THIRD BRIEF MEMORANDUM AND ORDER
RE: MOTION TO COMPEL AND OBJECTION**

Lorraine Murphy Weil, Chief United States Bankruptcy Judge

**BACKGROUND**

**WHEREAS,** on December 4, 2008, the court issued that certain Order Approving Compromise and Settlement (Case ECF No. 478)[1] which approved a certain Compromise Agreement (the "Compromise Agreement") between (among others) the above-captioned plaintiff ("NEN") and the above-captioned defendant (the "Town");

**WHEREAS,** on May 13, 2010, NEN commenced the instant adversary proceeding against the Town by the filing of a complaint (ECF No. 1, as amended by ECF No. 24, the "Complaint"). The Complaint is stated in four counts:

> Count One: claim for breach of contract for alleged breach of the Compromise Agreement
>
> Count Two: claim for breach of duty of good faith and fair dealing for alleged breach of the Compromise Agreement
>
> Count Three: claim for violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a *et seq.*, for allegedly engaging in prohibited conduct with respect to the Compromise Agreement
>
> Count Four: claim for civil contempt for alleged failure to comply with the Compromise Agreement which purportedly became an order of the court;

**WHEREAS,** on June 13, 2011, NEN filed that certain Motions for Order Compelling the Town of East Lyme, Connecticut To Produce and for Order Imposing Sanctions on East Lyme,

---

[1] References herein to the docket of this chapter 11 case appear in the following form: "Case ECF No. __." References herein to the docket of this adversary proceeding appear in the following form: "ECF No. __."

- 2 -

Connecticut Pursuant to FRBP 9014 and 7037 (ECF No. 120, the "Motion To Compel") which sought (among other things) (1) an order compelling the Town to produce an *ex parte* position statement related to a mediation held before the Honorable Thomas P. Smith in respect of pending litigation (the "AIG Litigation") by the Town against AIG/National Union Insurance Company ("AIG") in the United States District Court for this district (*see* ECF No. 143 at 4, 12-13) and certain other documents (described below), and (2) an order imposing sanctions on the Town for its "deliberate withholding" of the foregoing information in violation of (among other things) the Compromise Agreement;

**WHEREAS,** on June 16, 2011, the Town filed an objection (ECF No. 124, the "Objection to Motion To Compel") to the Motion To Compel in which it objected to the relief sought by NEN in the Motion To Compel and cross-moved for sanctions to be imposed against NEN based on the doctrine of unclean hands, blatant misrepresentations made to the court and failure to comply with Federal Rules of Civil Procedure and Federal Rules of Bankruptcy Procedure;

**WHEREAS,** oral argument (the "First Hearing") on the Motion To Compel and the Objection to Motion To Compel was held on July 7, 2011;[2]

**WHEREAS,** at the First Hearing, the court noted that two separate privileges were at issue: (1) the attorney/client privilege (with respect to certain documents); and (2) the mediation privilege (if any);

---

[2] A transcript of those proceedings appears in the record of this case as ECF No. 143.

**WHEREAS,** with respect to the mediation privilege, the court reserved decision on that issue, directed the parties to submit briefs and took that issue under advisement;[3]

**WHEREAS,** with respect to the attorney-client privilege, at the First Hearing the court (1) determined that it was persuaded that, pursuant to the Compromise Agreement, the Town had waived the attorney-client privilege with respect to the AIG Litigation and (2) ordered the Town to produce the Documents (as that term is defined below) for *in camera* review on or before July 13, 2011. (*See* ECF No. 143 at 45-47; ECF No. 136, the "First Order Re: Motion To Compel");[4]

**WHEREAS,** on July 15, 2011, the Town filed that certain Motion for Reconsideration (ECF No. 144, with the annexed supporting brief, the "Motion for Reconsideration") seeking that the court reconsider the First Order: Re Motion To Compel on the grounds that the attorney-client privilege issue was not adequately briefed and, consequently, the court overlooked applicable case law which supported the Town's position that it did not waive the attorney-client privilege when it entered into the Compromise Agreement;

**WHEREAS,** on July 22, 2011, NEN filed an objection (ECF No. 153, the "Objection to Motion for Reconsideration");

**WHEREAS,** oral argument on the Motion for Reconsideration and Objection to Motion for Reconsideration was held on July 25, 2011;

**WHEREAS,** on September 26, 2011, the court issued that certain Brief Memorandum and Order Re: Motion for Reconsideration (*see* ECF No. 201, the "Reconsideration Order");

---

[3] On October 24, 2011, the court issued a Brief Memorandum and Order Re: Motion To Compel and Objection with respect to mediation privilege issues. (*See* ECF No. 220 (the "Second Order Re: Motion to Compel").)

[4] The Town has delivered its *in camera* submission (the "Submission") and the court will retain those documents under seal subject to further order of the court.

**WHEREAS,** the Reconsideration Order provided in relevant part as follows:

**ORDERED** that (a) the Motion for Reconsideration is granted, (b) the Objection to Motion for Reconsideration is overruled and (c) the Order re Motion To Compel (with respect to the attorney-client privilege issue) is vacated; and it is further

**ORDERED** that, having reviewed the . . . [S]ubmission, the court hereby determines that an *in camera* hearing is necessary to ascertain whether documents contained in . . . [the S]ubmission are privileged in the first instance.

(ECF No. 201 at 8);

**WHEREAS,** on October 21, 2011, the court issued that certain Order Scheduling *In Camera* Hearing with respect to the Submission. (*See* ECF No. 215, the "*In Camera* Scheduling Order.") The *In Camera* Scheduling Order provided that "only the Town and its counsel may attend the . . . [hearing provided for in the *In Camera* Scheduling Order, the "*In Camera* Hearing"];"

**WHEREAS,** the *In Camera* Hearing was held on October 25, 2011 in accordance with the *In Camera* Scheduling Order and the attorney client-privilege issue now is ripe for decision;

### THE SUBMISSION

**WHEREAS,** the Submission is under cover of a letter (the "Letter") dated July 12, 2011 from counsel for the Town. Included with that letter are the following: (a) a list (the "List") of documents by Date, Privilege Log Bates #(s) and Reference; (b) a privilege log (the "Privilege Log") prepared by counsel for the Town and provided by the Town to counsel for NEN; and (c) Bates stamped copies of the documents (the "Documents") listed on the List;

**WHEREAS,** the Letter was provided to counsel for NEN without the attachments. The Privilege Log bears notations made by NEN. The List either was prepared by counsel for NEN or otherwise memorializes discussions between counsel for NEN and counsel for the Town after the court's request that the parties try to narrow the issues. Accordingly, the List is deemed to set forth

the definitive list of the documents sought by NEN. That is why not all the documents on the Privilege Log are listed on the List. The Bates stamp number on the List for each Document is consistent with the Bates stamp number listed on the Privilege Log for such document except that there is no 10/27/2010 email from Attorney Block to Paul Formica. Thus, the Privilege Log entry for EL Priv 000433 is erroneous (because there is no such document). Accordingly, EL Priv 000434 through EL Priv 000438 should be renumbered as EL Priv 000433 through 000437, and the Privilege Log is deemed corrected accordingly;

**WHEREAS,** based upon the List, NEN seeks production of the Documents as follows:

| DATE | PRIVILEGE LOG BATES #(s) |
|---|---|
| 7/9/no year | 000101 |
| 1/22/no year | 000127 |
| No Date | 000128 |
| 10/9/08 | 000186-000187 |
| 12/9/08 | 000282-000283 |
| 12/10/08 | 000284 |
| 12/29/08 | 000287 |
| 12/29/08 | 000288 |
| 1/6/09 | 000291-000292 |
| 1/19/09 | 000295 |
| 1/27/09 | 000296 |
| 3/17/09 | 000297-000298 |
| 3/18/09 | 000299-000300 |
| 6/23/09 | 000307-000309 |
| 7/6/09 | 000310-000313 |
| 9/1/09 | 000334 |

| | |
|---|---|
| 9/3/09 | 000337 |
| 10/3/09 | 000338-000341 |
| 10/6/09 | 000342-000343 |
| 1/7/10 | 000379 |
| 7/1/10 | 000408-000409 |
| 7/10/10 | 000410-000411 |
| 7/29/10 | 000412 |
| 9/15/10 | 000422 |
| 9/17/09 | 000423 |
| 9/17/09 | 000424 |
| 10/13/10 | 000430 |
| 10/20/10 | 000431 |
| 10/27/10 | 000433 [original number] |
| 10/29/10 | 000435-000436 [5] |

**DISPOSITION**

**WHEREAS,** the "[t]he party claiming the benefit of the attorney-client privilege has the burden of establishing all the essential elements." *U.S. v. Adlman,* 68 F.3d 1495, 1500 (2d Cir. 1995);

**WHEREAS,** based upon the court's review of the Submission and the record of the *In Camera* Hearing, the issue of Document production hereby is disposed of as follows:

---

[5]   corrected numbers (from 000436- 000437) pursuant to above discussion

| DATE | PRIVILEGE LOG BATES #(s) | DISPOSITION |
|---|---|---|
| 7/9/no year | 000101 | Privileged/No Disclosure ("P/ND") |
| 1/22/no year | 000127 | P/ND |
| No Date | 000128 | P/ND |
| 10/9/08 | 000186-000187 | P/ND |
| 12/9/08 | 000282-000283[6] | Message dated 12/9/2008 and the 11/13/2008 messages are P/ND and may be redacted from the Document; the Document (as so redacted shall be disclosed (if not heretofore disclosed) to counsel for NEN on or before November 1, 2011 ("Disclosed"). |
| 12/10/08 | 000284 | P/ND |
| 12/29/08 | 000287 | P/ND |
| 12/29/08 | 000288 | P/ND |
| 1/6/09 | 000291-000292 | The two messages dated 1/6/2009 are P/ND and may be redacted from the Document; the remainder of the Document (as so redacted) shall be Disclosed. |
| 1/19/09 | 000295 | The later message dated 1/19/2009 is P/ND and may be redacted from the Document; the Document (as so redacted) shall be Disclosed. |
| 1/27/09 | 000296 | P/ND |
| 3/17/09 | 000297-000298 | Message dated 3/17/2009 and later message dated 3/16/2009 are P/ND and may be redacted; the Document (as so redacted) shall be Disclosed. |

---

[6] Many of the Documents are composed of e-mail "chains." (*See* Privilege Log.)

| Date | Bates | Determination |
|---|---|---|
| 3/18/09 | 000299-000300 | The two messages dated 3/19/2009 are non-responsive and need not be disclosed ("NR/ND") and may be redacted; the 3/18/2009 messages are P/ND and may be redacted; remainder of the Document (as so redacted) shall be Disclosed. |
| 6/23/09 | 000307-000309 | The two messages dated 6/23/2009 are P/ND and may be redacted; the Documents (as so redacted) shall be Disclosed. |
| 7/6/09 | 000310-000313 | P/ND |
| 9/1/09 | 000334 | P/ND |
| 9/3/09 | 000337 | Message dated 9/3/2009 is P/ND or NR/ND and may be redacted; the Document (as so redacted) shall be Disclosed. |
| 10/3/09 | 000338-000341 | P/ND |
| 10/6/09 | 000342-000343 | P/ND |
| 1/7/10 | 000379 | The two messages dated 1/7/2010 are P/ND and may be redacted; the Document (as so redacted) shall be Disclosed. |
| 7/1/10 | 000408-000409 | Message dated 7/1/2010 is P/ND and may be redacted; the Document (as so redacted) shall be Disclosed. |
| 7/10/10 | 000410-000411 | The messages dated 7/10/2010, 7/9/2010 and 7/1/2010 are P/ND and may be redacted; the Document (as so redacted) shall be Disclosed. |
| 7/29/10 | 000412 | Document shall be Disclosed. |
| 9/15/10 | 000422 | P/ND |
| 9/17/09 | 000423 | Document shall be Disclosed. |
| 9/17/09 | 000424 | P/ND |
| 10/13/10 | 000430 | P/ND |
| 10/20/10 | 000431 | NR/ND |
| 10/27/10 | 000433 [original number] | Document cannot be produced because it does not exist. |

| | | |
|---|---|---|
| 10/29/10 | 000435-000436 [as renumbered] | The 10/20/2010 and 10/28/2010 messages and the earliest 10/29/2010 message are NR/NP; the later two 10/29/2010 messages are P/ND. |

**WHEREAS,** in light of this order, the Motion To Compel and the Objection to Motion To Compel have been fully adjudicated.

It is **SO ORDERED.**

Dated: October 27, 2011                                BY THE COURT

*Lorraine Murphy Weil*
Lorraine Murphy Weil
Chief United States Bankruptcy Judge